IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**WILFREDO CANALES,**

    **Plaintiff,**

vs.                                                      Civil Action No. 3:05CV7
                                                                 (BROADWATER)

**DAN RYAN BUILDERS, INC., and**
**DAN RYAN BUILDERS REALTY, INC.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

On this day, the above styled matter came before the Court for consideration of Defendants' motion to dismiss (Docket number 2). For the reasons set forth below, the motion is GRANTED.

### I. Factual and Procedural Background

On October 19, 2003, Wilfredo Canales ("Plaintiff") entered into a contract with Dan Ryan Builders, Inc. ("Ryan Builders"), for the construction and sale of a home. Dan Ryan Builders Realty, Inc. ("Ryan Realty"), which is a broker for the sale of homes, is a separate corporation from Ryan Builders. Ryan Builders also owns approximately 50% of the mortgage company, First Foundation Mortgage, LLC, ("FFM"). Plaintiff initially selected FFM to finance the purchase of the home, but was subsequently notified that he was not required to use FFM and he was permitted to shop around for other lenders. FFM is not a party to this action.

As part of the contract with Ryan Builders, Plaintiff was required to make, and did make, a $10,000.00 earnest money deposit. By signing the "Earnest Money Deposit Disclosure," Plaintiff was notified that his deposit was held in a non-interest bearing escrow account by Ryan Builders. The remaining balance, which was due at closing, on the home was $283,200.00.

Sometime in April 2004, Plaintiff decided to use Heritage Mortgage of Herndon, Virginia as his lender, not FFM. Plaintiff alleges that once Defendants were notified of the new lender the closing date was moved from sometime in May to April 30, 2004. The contract stated that settlement would be, "on or about April-May 18, 2004." The contract stated in the very next sentence that "[s]ettlement will take place at a date and location to be selected by Us" [Ryan Builders]. As a part of the transaction, on February 28, 2004, Plaintiff signed a "Settlement Date and Walk Through Date Addendum" which provides for a settlement date of April 30, 2004, and a final walk through of April 22, 2004. Plaintiff completed the final walk through on April 22, 2004. The parties do not dispute that on April 30, 2004, Plaintiff refused to settle and the contract was terminated by Ryan Builders. As a result of the failed closing on April 30, 2004, Ryan Builders kept the $10,000 deposit. Ryan Builders then contracted to sell the home for $70,000 more than the original purchase price to a third party.[1]

On December 16, 2004, Plaintiff filed the instant suit in the Circuit Court of Jefferson County. Count I of the complaint alleges a breach of contract by Ryan Builders. Count II alleges that Ryan Realty breached its fiduciary duty by not depositing the $10,000.00 in a trust account to be withheld pending disposition of the contract and by not settling on May 18, 2004. Count III alleges that because the loan was a federally related mortgage loan, Ryan Realty's actions constitute a violation of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. §§2601-2617 (2001). Count III claims that when Ryan Realty kept the deposit, it violated RESPA because it accepted, "a fee, kickback or other thing of value pursuant to an agreement or understanding that business incident to or a part of the settlement of a federally related mortgage loan." Id. at § 2607(a). Count

---

[1] The third party is not a party to this action.

IV alleges that Ryan Realty violated the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-2-101-139 (1999), by failing to return the earnest money deposit. Plaintiff demands approximately $80,000.00 in compensatory damages, as well as punitive damages, attorneys fees, court costs, and pre and post-judgment interest.

Defendants removed this action to this Court on January 26, 2005. Defendants filed the Motion to Dismiss on February 4, 2005. Plaintiff filed a Response to the motion on March 4, 2005, to which Defendants Replied on March 14, 2005. The Court has considered the pleadings and the applicable law on point; thus, the motion is ripe for decision.

## II. Applicable Law

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990)). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and

other similar materials that are subject to judicial notice. <u>Anheuser-Busch, Inc. v. Schmoke</u>, 63 F.3d 1305, 1314 (4th Cir. 1995).

### III. Discussion

A.      <u>Count I - Breach of Contract by Ryan Builders</u>

The issue presented is whether Plaintiff has stated a claim that Ryan Builders breached the contract. As an initial matter, the Court notes that Count one alleges a breach of contract against Ryan Builders. As such, there is no liability alleged against Ryan Realty for a breach of contract. The contract, which is attached to the complaint, plainly states that settlement would take place at a date and location selected by Ryan Builders, and estimated a settlement date of April-May 18, 2004. The contract also plainly stated that the date and time of the final settlement would be selected solely by Ryan Builders. The contract further states that if Plaintiff failed to accept title at settlement or failed to comply with the terms and conditions of the contract, Plaintiff would be in default. The contract states that if Plaintiff defaulted, Ryan Builders could cancel the contract and retain all amounts paid before the default as liquidated damages. Additionally, Plaintiff signed a "Settlement Date and Walk Through Date Addendum," which selected April 22, 2004 as the walk through date and April 30, 2004 at the settlement date.

The plain language of the contract makes clear that under these facts, Ryan Builders acted in accordance with the contract. Thus, Plaintiff has not stated a claim for relief that Ryan Builders breached the contract. Consequently, the Court concludes as a matter of law that Ryan Builders did not breach the contract. Thus, Defendants' motion to dismiss should be granted as to Count I

B.      <u>Count II - Breach of Fiduciary Duty by Ryan Realty</u>

There is no allegation in the complaint that Ryan Builders breached a fiduciary duty to Plaintiff. Rather, this count alleges a breach of a fiduciary duty as to Ryan Realty only. The issue presented, therefore, is whether the complaint states a claim that Ryan Realty breached its fiduciary duty to Plaintiff. Plaintiff alleges a breach of a fiduciary duty because Ryan Realty did not keep the earnest money deposit in a trust account and did not settle on May 18, 2004. Compl. at ¶ 16.

Defendants counter that Plaintiff agreed to this non-interest bearing escrow account by signing the "Earnest Money Deposit Disclosure." The "Earnest Money Deposit Disclosure" stated that the earnest money deposit would be deposited into a "non-interest bearing escrow account," with Ryan Builders, not Ryan Realty. As such, any fiduciary duty that may have been owed to Plaintiff was owed by Ryan Builders. Since Ryan Realty did not owe Plaintiff a fiduciary duty, there is no possible way, therefore, that Ryan Realty could have breached a fiduciary duty to Plaintiff.

After reviewing the complaint and Defendants' motion to dismiss, the Court concludes that the complaint fails to allege facts to support the claim that Ryan Realty had, or breached, a fiduciary duty to Plaintiff. The "Earnest Money Deposit Disclosure" plainly states that the earnest money deposit would be kept by Ryan Builders, not Ryan Realty. As such, there is no fiduciary duty on the part of Ryan Realty to Plaintiff. Accordingly, the complaint fails to state a claim for relief against Ryan Realty for breach of a fiduciary duty and the motion to dismiss should be granted as to Count II.

C.  <u>Count III - Violation of RESPA by Ryan Realty</u>

Count III alleges that Ryan Realty violated RESPA by retaining the $10,000 deposit. Unfortunately for Plaintiff, Count III fails for two reasons. First, RESPA does not apply to these

facts because the fees and kickbacks described in 12 U.S.C. § 2607(a), applies to business referrals, not earnest money down-payments. There are no facts alleged in the complaint that supports the theory that somehow the relationship between Ryan Builders and Ryan Realty as it pertains to the instant transaction was a business referral. Ryan Realty is a broker of real estate. As such, Ryan Realty was acting as Ryan Builders' agent. The relationship between Ryan Builders and Ryan Realty was fully disclosed to Plaintiff and there is no allegation that this relationship was improper under the act. Furthermore, the statute also prohibits fee sharing in relation to a federally related mortgage loan. There are no facts plead that there was any improper fee sharing between Ryan Realty and Ryan Builders.

Second, as discussed above, Ryan Builders kept the earnest money deposit, not Ryan Realty. Thus, Ryan Realty could not have violated RESPA. The Court concludes as a matter of law, therefore, that the complaint fails to state a claim that Ryan Realty violated RESPA. The motion to dismiss must be granted as to Count III.

D. <u>Count IV - Violation of the West Virginia Consumer Credit and Protection Act by Ryan Realty</u>[2]

Plaintiff alleges that by retaining the earnest money deposit, Ryan Realty violated the unfair debt collection practices in the West Virginia Consumer Credit and Protection Act, W.Va. Code § 46A-2-127(d). Plaintiff alleges that Ryan Realty is a debt collector as defined by the Act and was involved in debt collection of a claim. Defendants counter that they did not "conduct or practice" or solicit "claims" for collection and are therefore not debt collectors as defined under the Act.

---

[2] In this count, the complaint refers to "Defendant." The wherefore clause in this count alleges that Ryan Realty violated the Consumer Credit and Protection Act. Therefore, the Court concludes that Ryan Builders is not included in this count.

Id. at § 46A-2-122(b-d). Defendants further argue that they did not engage in debt collection because the contract stated that Ryan Builders would keep the money as liquidated damages if Plaintiff defaulted. Therefore, Ryan Builders did not collect a debt because the $10,000 deposit was money already paid before the contract was terminated.

Again, as stated above, there are no allegations in the complaint that Ryan Realty retained the earnest money deposit. Consequently, Ryan Realty cannot be considered a debt collector under the act. Therefore, the Court concludes as a matter of law that the complaint fails to allege a violation of the West Virginia Consumer Credit and Protection Act as it relates to Ryan Realty. Defendants' motion to dismiss, therefore, must be granted as to Count IV.

### IV. Decision

It is therefore **ORDERED** that:

1. Defendants' Motion to Dismiss **(docket number 2)** be, and is hereby, **GRANTED** as to all four counts contained in the complaint;

2. This civil action be, and is hereby, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court; and

3. This civil action be closed.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record herein.

DATED this **8th** day of September 2005.



W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE